Herbert **SELLERS**

v.

**GENERAL MOTORS CORPORATION,** **et al.**

**Civ. A. No. 83–3962.**

United States District Court, E.D. Pennsylvania.

May 18, 1984.

Mark R. Cuker, Wapner, Newman & Associates, Philadelphia, Pa., for plaintiff.

William J. Ricci, Liebert, Short, Fitzpatrick & Lavin, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

By a memorandum opinion and order dated January 3, 1984, I dismissed Count IV of plaintiff's complaint but granted leave to amend. Plaintiff then filed an amended complaint.[1] Defendants Arthur Hogan and Bruce Wright have moved to dismiss the amended complaint as to them. The motion will be granted.

The relevant factual history of this action and the underlying litigation, which spawned the filing of the present action, *Sellers v. General Motors Corp.*, Civil Action 80–1847, is set forth in the memorandum opinion accompanying the January 3, 1984 order. *Sellers v. General Motors Corp.*, No. 83–3962 (E.D.Pa. January 3, 1984). Basically, the plaintiff in Civil Action 83–3962 seeks damages for the alleged illegal conduct of the defendants in securing a jury verdict in favor of defendant General Motors in Civil Action 80–1847.

Count IV of the original complaint against all of the defendants sought treble damages under the civil penalties' provision of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964. I dismissed Count IV with leave to amend because, inter alia, it did not plead with sufficient particularity the alleged mail and wire fraud claims which allegedly constituted the "pattern of racketeering activity."

Count II of the amended complaint is brought under RICO against all of the defendants. Specific allegations are made that the racketeering activity involved violations of 18 U.S.C. §§ 1341, 1343 and 1503, relating to mail fraud, wire fraud and obstruction of the administration of justice, respectively. Defendants Arthur Hogan and Bruce Wright have moved to dismiss on several grounds. Because of my decision on the plaintiff's failure to properly plead a "pattern of racketeering activity," I have not considered defendants' other points.

When plaintiff's RICO Count was first dismissed, it was done, inter alia, because plaintiff had not plead the alleged "pattern of racketeering activity" with sufficient particularity. The amended complaint fails to rectify the deficiency.

The first alleged violation through a pattern of racketeering activity in the amended complaint involves the obstruction of justice. 18 U.S.C. § 1503. Section 1503 provides:

> Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magis-

1. A review of the record on April 25, 1984, revealed that plaintiff's amended complaint had never been filed. It appears as though plaintiff's counsel either mailed or delivered the amended complaint to my chambers or the Clerk of Court. The amended complaint and a cover letter addressed to the Clerk were discovered in chambers in the court's unofficial file. Perhaps because the cover letter does not instruct the Clerk to file the enclosed pleading, it was never filed. I nevertheless directed that both the amended complaint and the cover letter be docketed. Because of the unexplained mishap, I will treat the amended complaint as if timely filed.

trate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

18 U.S.C. § 1503. The amended complaint asserts that all of the defendants violated section 1503 by:

(a) concealing or inducing the concealment of documents which were subpoenaed or whose production was otherwise required by law, and which would have revealed information about prior claims and complaints relating to the malfunctions of the bus seat in question, and the existence of records of testing performed on the seat in question, as well as the results of said tests;

(b) giving false testimony which precluded inquiry into vital issues through feigning a sham inability to remember and/or a sham ignorance of facts relating to the existence of records of testing performed on the seat in question, as well as the results of said tests;

(c) concealing or inducing the concealment of facts whose disclosure was required by law;

(d) corruptly influencing the jury through the knowing presentation of false and misleading evidence;

(e) otherwise obstructing the administration of justice.

Amended Complaint, ¶ 32.

The plaintiff alleges that as a result of these actions defendants Hogan and Wright, among others, failed to testify fully, freely and truthfully in depositions and/or at trial, and that the jury was falsely advised at trial as to certain evidence.

A reading of section 1503 reveals that the only possible application of the statute to defendants Hogan and Wright occurred if Hogan and Wright "corruptly or by threats or force, or by any threatening letter or communication, influence[d] obstruct[ed] or impede[d], or endeavor[ed] to influence, obstruct, or impede, the due administration of justice," or endeavored so to do. There is no allegation that either Hogan or Wright ever influenced, obstructed or impeded the administration of justice or endeavored so to do by threats, force, threatening letter or communication.[2] Thus, Wright and Hogan could have violated section 1503 only if they "corruptly" influenced, obstructed or impeded the administration of justice or endeavored so to do.

■ It is apparent that the sole allegation as to any wrongdoing by Hogan and Wright pled with particularity relates to their allegedly giving false testimony. However, in light of *Briscoe v. Lahue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), it is my view that the common-law absolute immunity for witnesses' testimony precludes perjury alone from amounting to the corrupt influencing, obstructing or

---

**2.** While the court is aware that alternative pleading is allowed, Count I of the amended complaint brought under 42 U.S.C. § 1985(2), asserts that defendants American Seating Company and General Motors Corporation "were engaged in a conspiracy to deter by force, intimidation and/or threat, witnesses in the case of *Sellers v. General Motors Corp.*, Civil Action No. 80–1847, from testifying freely, fully and truthfully as to matters raised in that lawsuit." Amended Complaint, ¶ 22. Two of the witnesses alleged to have been coerced are Arthur Hogan and Bruce Wright. There is no allegation that Hogan or Wright directly threatened or intimidated anyone. In fact, it is the two of them who are among those alleged to have been coerced into giving false testimony. Thus, the only way to link Hogan and Wright to such conduct would be by a conspiracy. However, it would be difficult if not impossible for Wright and Hogan to be simultaneously part of a conspiracy with all the defendants while being coerced into testifying falsely by those same defendants.

impeding of the administration of justice for which a damage action may be maintained under RICO. Plaintiff has failed to allege any section 1503 violation as to defendants Wright and Hogan. Consequently, there is no racketeering activity with respect to section 1503 as to Wright and/or Hogan.

The other alleged violations through a pattern of racketeering activity involve mail and wire fraud. 18 U.S.C. §§ 1341 & 1343. Section 1341 provides in relevant part:

Whoever, having devised or intending to devise any scheme or artifice to defraud ... for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing. . . .

18 U.S.C. § 1341. Section 1343 provides in relevant part:

Whoever, having devised or intending to devise any scheme or artifice to defraud ... transmits or causes to be transmitted by means of wire ... communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice. . . .

18 U.S.C. § 1343.

Plaintiff alleges that defendants violated sections 1341 and 1343 by committing the following acts:

(a) placing matters or things into the federal mails for the purpose of executing a scheme or artifice to defraud;

(b) causing mail to be delivered for the purpose of executing a scheme or artifice to defraud;

(c) receiving and transferring mail for the purpose of executing a scheme or artifice to defraud;

(d) transmitting or causing to be transmitted by means of wire, radio and television communication writings, signs, signals or sounds in interstate commerce for the purpose of executing a scheme or artifice to defraud.

Amended Complaint, ¶ 36. Plaintiff asserts in his brief that the defendants placed in the mail or caused to be placed in the mail for the purposes of executing a scheme or artifice to defraud, inter alia, defendant's pretrial memorandum and supplemental memorandum, the depositions of Arthur Hogan and Bruce Wright, the trial testimony of Arthur Hogan and correspondence and telephone communications between counsel for General Motors and Arthur Hogan and Bruce Wright.

Plaintiff, in order to establish a pattern of racketeering activity as to mail fraud, must be able to plead with the required particularity that (1) for the purpose of executing a scheme or artifice to defraud, (2) defendants Wright and Hogan either placed, took, received or knowingly caused to be delivered by mail any matter or thing whatever. As to wire fraud, plaintiff must be able to particularly plead tht defendants Hogan and Wright transmitted or caused to be transmitted by means of wire a writing or sound for the purpose of executing a scheme or artifice to defraud. Plaintiff's amended complaint fails to particularly plead a scheme or artifice to defraud and that defendants Wright and Hogan caused any thing or matter to be placed in the mails or transmitted by wire.

In the memorandum opinion of January 3, 1984, I rejected defendants' claim that *Briscoe v. Lahue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), required dismissal of plaintiff's complaint against the individual defendants Hogan, Wright and Stewart. In *Briscoe*, the Supreme Court refused to interpret the broad language of 42 U.S.C. § 1983 to provide a cause of action against a witness for allegedly false testimony. I rejected defendants' argument because "while these defendants are immune from liability on any claim directly involving their testimony as witnesses in

Civil Action 80–1847, there is no such protection against a conspiracy to commit perjury or other wrongful conduct." *Sellers v. General Motors Corp.*, No. 83–3962 slip op. at 11 (E.D.Pa. January 3, 1984). Because a witness's testimony is absolutely privileged, the amended complaint must speak to acts other than the alleged perjury. It does not do so.

■ Analyzing plaintiff's RICO claim against defendants Wright and Hogan in light of *Briscoe* is no easy task. RICO was not intended as a device for circumventing the absolute immunity afforded witnesses at common law. This position is supported by the RICO Act itself. The section defining "racketeering activity" does not include 18 U.S.C. § 1621, which makes perjury a criminal offense. 18 U.S.C. § 1961. It is my view, however, that a *conspiracy to commit perjury* may fall within RICO. If defendants had conspired to commit perjury in order to defeat the plaintiff's claim in Civil Action 80–1847, then such action would arguably be subsumed under the "scheme or artifice to defraud" language of both the mail and wire fraud statutes which are included in the definition of "racketeering activity." In such a case it would be the scheme or conspiracy to defraud plaintiff by use of perjury, rather than the act of perjury itself, that would be actionable. Plaintiff's allegations, therefore, must be directed to the conspiracy or scheme to defraud plaintiff by perjury and not to the act of perjury itself.

■ Plaintiff's amended complaint contains only general, conclusory allegations that defendants Wright and Hogan conspired together with the other defendants to defraud the plaintiff. Complaint, ¶¶ 35 & 36. Federal Rule of Civil Procedure 9(b) requires that "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiff has failed to do so. Because the allegations of fraud with respect to defendants Wright and Hogan are not stated with particularity, plaintiff's complaint on its face fails to adequately plead "a pattern of racketeering" against defendants Wright and Hogan. The amended complaint thus also fails to state a cause of action against those defendants under RICO.

■ Plaintiff's contention that the references in the amended complaint to specific dates regarding mailing of the allegedly perjured testimony and other pretrial memoranda meet the requirements of Federal Rules of Civil Procedure 9(b) and 12(b) misses the mark. What plaintiff failed to allege with particularity was the scheme or conspiracy to defraud plaintiff by perjury. That the allegedly perjured testimony was mailed or communicated by wire is irrelevant standing alone. Mailing allegedly perjured testimony does not automatically create a violation of the mail fraud statute. There must be a scheme or artifice to defraud already established, that the mailing is attempting to further. Plaintiff's general allegations of such a scheme are not sufficient.

In sum, plaintiff has failed to meet his burden under the Federal Rules regarding the "scheme or artifice to defraud" language of the mail and wire fraud statutes. Because the underlying offenses have not been properly pled, there is no "pattern of racketeering activity" necessary for a RICO claim. Further, plaintiff has also failed to establish that defendants Wright and/or Hogan caused any matter or thing to be placed in the mails or sent by wire in violation of the mail and wire fraud statutes; again revealing that the predicate offenses necessary for "a pattern of racketeering activity" have not been adequately pled.

■ In his brief opposing the motion to dismiss, plaintiff attempts to link defendants Wright and Hogan to a violation of the mail fraud statute with simple conclusory statements:

Obviously, the mailing of depositions and trial testimony of Hogan and Wright is attributable to them. The two Pre-Trial Memoranda list Hogan and Wright by name as witnesses. It is not unreasonable to infer that they played a role in

causing these documents to be mailed in furtherance of a scheme to defraud.

Plaintiff's Answer to Motion of Defendants Arthur Hogan and Bruce Wright to dismiss at 5.

It is neither obvious to me that the mailing of depositions and trial testimony is attributable to Wright and Hogan nor is it reasonable to infer that they "played a role in causing" them to be mailed. According to plaintiff's amended complaint, Wright and Hogan are merely employees of defendant American Seating Company. Plaintiff alleges that they gave false testimony in depositions and/or at trial. Plaintiff's general assertion that Wright and Hogan "played a role in causing" certain items to be mailed and that the mailing of copies of their deposition and trial testimony "is attributable" to them, is insufficient.

It is apparent from the amended complaint that plaintiff's quarrel with defendants Wright and Hogan concerns their allegedly perjured testimony. However, any direct civil damages action is barred by the common-law privilege of absolute immunity. Plaintiff has attempted to reach Wright and Hogan's conduct through RICO. Unfortunately for plaintiff, RICO does not make perjury one of the predicate offenses which can constitute the required pattern of racketeering activity. I have held RICO may reach a conspiracy to commit perjury if the complaint adequately alleges conduct that does fall within the predicate offenses that constitute a pattern of racketeering activity under the statute. However, plaintiff has not been able to do so with the particularity required by the Federal Rules.

Consequently, the motion to dismiss as to Wright and Hogan will be granted.